**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ruth Suzan Lamberson Revocable Trust Agreement Dated April 2, 1999,<br><br>                    Plaintiff,<br><br>v.<br><br>John Elliott Mayer, et al.,<br><br>                    Defendants. | No. CV-24-00341-TUC-SHR<br><br>**Order Remanding Eviction Case** |

Plaintiff filed this case in Pima County Consolidated Justice Court as a state action for eviction.[1]  (Doc. 1-2 at 7–8.)  On July 12, 2024, pro se Defendant filed a Notice of Removal (Doc. 1) asserting this Court has subject matter jurisdiction under federal question jurisdiction.  *See* 28 U.S.C. § 1443.  Defendant filed two subsequent amended notices of removal.  (Docs. 6, 10.)  Although it is difficult to summarize exactly how the amended notices differ from the original notice, the Court finds the same analysis applies to all notices.  Because the Court lacks subject matter jurisdiction according to the information contained in every notice, the Court will remand this case.

"[A] district court is under a duty to examine, on its own motion, whether a removed case should be remanded to state court; the court need not wait for a motion to remand." *Raytheon Co. v. Alliant Techsystems, Inc.*, No. CIV 13-1048-TUC-CKJ, 2014 WL 29106, at \*1 (D. Ariz. Jan. 3, 2014) (citing *Kattalla Co. v. Rones*, 186 F. 30 (9th Cir. 1911) (noting

---

[1] The case number for the underlying state action at issue is CV24018950.

a district court may, on its own motion, decline to exercise jurisdiction over removed action)). If at any time before final judgment it appears the district court lacks subject matter jurisdiction over a case removed to federal court, the case shall be remanded. 28 U.S.C. § 1447(c).

Federal courts are courts of limited jurisdiction; they have subject matter jurisdiction only over the matters specifically authorized by Congress or the Constitution. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party may remove an action from state court only if the action could have originally been brought in the district court. *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993); *see also* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). The removal statute is strictly construed against removal jurisdiction and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

"A case 'arises under' federal law . . . if 'a well-pleaded complaint establishes that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)). Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Here, Defendant is attempting to remove this case to federal court based on federal question jurisdiction. However, every notice of removal is largely indecipherable. It appears Defendant has copied and pasted various statutes with no cognizable legal

explanation of why such statues are mentioned.  Based on Plaintiff's claims and allegations in its Complaint, this a special/forcible detainer action arising entirely under state law.  *See* A.R.S. §§ 33-1485, 33-1377.  Even if Defendant were to assert a counterclaim based on federal law, such a counterclaim would not create a federal question for jurisdictional purposes.  *See Takeda v. Nw. Nat. Life Ins. Co.*, 765 F.2d 815, 821–22 (9th Cir. 1985) (holding federal question jurisdiction does not arise from defenses or counterclaims alleged by defendant).

In sum, Plaintiff's claim is purely a state-law action, and Defendant cannot create federal question jurisdiction by filing federal defenses or counterclaims.  Due to the lack of subject matter jurisdiction, this Court must remand.

Accordingly,

**IT IS ORDERED** the Clerk of Court shall **REMAND** this action to Pima County Consolidated Justice Court for all further matters.  This Order is effective immediately, such that any pending actions, orders, or writs, may proceed immediately.

**IT IS FURTHER ORDERED** Defendant's Application for Leave to Proceed In Forma Pauperis (Doc. 3.) and Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 9) are **DENIED AS MOOT**.

Dated this 19th day of July, 2024.

Honorable Scott H. Rash
United States District Judge